---

### OPINION TO THE GOVERNOR.

Under the provisions of section 9 of article X of the constitution of the State, the following opinion of the justices of the Supreme Court was delivered to the governor October 23, 1901, in the matter of

### THE McTAMMANY VOTING–MACHINE.

Pub. Laws cap. 744, § 1, passed May 3, 1900, provides that "The city council of any city or the town council of any town is hereby authorized and empowered to adopt, purchase, and furnish for all elections in such city or town a sufficient number of McTammany voting-machines to enable all the electors to vote by the use of such machines . . . Whenever said machines shall have been thus adopted and furnished in any city or town the election of all officers to be voted for . . . shall be by the use of said machines."

Pub. Laws cap. 859, passed March 29, 1901, by section 38 specifically re-

pealed chapter 744, but contained the following provision in section 5 : "In every city or town where voting-machines have been adopted a sufficient number of such machines shall be purchased to enable all the electors to vote by the use of such machines, and *thereafter* the election of all officers . . . shall be done by the use of such machines."

Section 3 of said chapter 859 provides : "The state returning-board shall from time to time examine such voting-machines as in its opinion will comply with the requirements of this act . . . and thereafter such machine may be used as provided in section 1 hereof."

Section 7 provides : "The clerk of any city or town which adopts and purchases voting-machines in accordance with the provisions of this act shall notify the secretary of state of such adoption and purchase, and no such voting-machine shall be used in any election in any such city or town within thirty days thereafter."

September 20, 1900, the town council of Cumberland voted to use the McTammany voting-machines at the election then "next" to be held in said town. Such machines were used at the election held November 6, 1900. Upon the questions whether it was incumbent upon the town to use the voting-machines at the election to be held November 5, 1901, and as to the method of changing the system of voting from the machines to a previous method :—

*Held*, that the action of the town council September 20, 1900, under the provisions of Pub. Laws cap. 744, § 1, was irrevocable and a final abandonment of the method of voting then in force and an adoption of the method of voting by voting-machines.

*Held*, further, that Pub. Laws cap. 859, § 5, continued and confirmed the method of voting by voting-machines theretofore adopted by the town.

*Held*, further, that under Pub. Laws cap. 859, § 3, a town could change from a specific machine to another among those approved by the state returning-board.

*Held*, further, that a town had no power to change its system of voting from the use of voting-machines to the method in use prior to their adoption.

*To His Excellency, William Gregory, Governor of the State of Rhode Island and Providence Plantations.*

We have received from your excellency a request for our opinion on the questions propounded in the following communication :

"Is it incumbent, under Chapter 744, passed May 3, 1900 ; Chapter 794, passed June 13, 1900 ; or Chapter 859, passed March 29, 1901, of the Public Laws, or all or either of them, for the Town of Cumberland to use the McTammany Voting Machines, so-called, at the approaching election in said town,

on November 5, 1901, in view of the following statement of facts :

"On September 20, 1900, the Town Council of the Town of Cumberland voted to use the McTammany Voting Machines at the election then 'next' to be held in said town and instructed the Town Clerk to make application to the Secretary of State for five (5) such machines and counters for the use of the Town at said 'next' election. In accordance with said vote of the Town Council of the Town of Cumberland, the Town Clerk made application to the Secretary of State for five (5) such machines and counters for the use of the Town at said 'next' election, sending to the Secretary of State thirty (30) days prior to the time of holding of said State election a copy of the vote of said Town Council of said Town of Cumberland. Such machines were obtained and were used at the election held November 6, 1900. The machines were not considered satisfactory, and at one election since held in said Town they were not used.

"Section 5 of said Chapter 859 of the Public Laws provides that where voting machines have been adopted they shall thereafter be used in all elections. In case a town after having used a voting machine should desire to change back to the Australian system of voting, the chapter referred to appears silent as to the method of such change. Under said law, could a town by its town council change the system of voting from the machines to its previous method ?

"Thanking you for your consideration of these questions,

"I have the honor to be, Sirs,

"Most respectfully yours,

(Signed) "WILLIAM GREGORY,

"*Governor.*"

We are of the opinion that the action of the town council of Cumberland, on September 20, 1900, under the provisions of section 1 of chapter 744 of the Public Laws, passed May 3, 1900, and then in force, was irrevocable and a final abandonment of the method of voting then in force in that town and

an adoption of the method of voting by means of voting-machines. The language of the section aforesaid is perfectly clear upon the point, and is as follows :

"SECTION 1. The city council of any city or the town council of any town is hereby authorized and empowered to adopt, purchase, and furnish for all elections in such city or town a sufficient number of McTammany voting-machines to enable all the electors of such city or town to vote, by the use of such machines, for any candidate nominated for any office to be filled at such elections, and also to vote upon any proposition or question lawfully submitted to the electors of such city or town. Whenever said machine shall have been thus adopted and furnished in any city or town, the election of all officers to be voted for by the electors thereof, and the voting upon all propositions or questions submitted to the electors thereof, shall be by the use of said machines : *Provided*, that the essential provisions of existing law relative to elections shall be and remain in full force, excepting as it may be necessary for the commission hereinafter created to change the details of said law in order to adopt it to the use of such voting-machines."

This method of voting having been thus adopted, the General Assembly enacted chapter 859 of the Public Laws on March 29, 1901, section 38 of which specifically repeals chapter 744, aforesaid. But said chapter 859 contains the following provision in section 5 thereof :

"In every city or town where voting-machines have been adopted, a sufficient number of such machines shall be purchased to enable all the electors of such city or town to vote by the use of such machines, and *thereafter* the election of all officers by the electors thereof and the voting upon all propositions or questions submitted to the electors thereof shall be done by the use of such machines, except as provided in this act : *Provided*, that the voting in annual or special town-meetings upon propositions to impose a tax or upon questions in voting the expenditure of money need not be so done."

The town of Cumberland having theretofore adopted the method of voting by voting-machines, and the election to be

holden in said town on November 5, 1901, being an election held "thereafter," it follows that said section 5 of chapter 859 continues and confirms the method of voting by voting-machines theretofore adopted by the town acting through the power vested in its town council by said chapter 744. We find no provision in the act above referred to which authorizes a town or city to adopt the method of voting by voting-machines for one election only. The adoption of such a method of voting when once made is an adoption of the method of voting by voting-machines for all elections enumerated in section 5 of chapter 859. . In this connection we deem it proper to state that we are also of the opinion that a town or city is not of necessity bound to use at all times thereafter the specific voting-machine which it may have adopted at any given time, provided other voting-machines are seasonably chosen from among those voting-machines which have been approved by. the State returning-board under the provisions of section 3 of said chapter 859, as follows :

"The state returning-board shall from time to time examine such voting-machines as in its opinion will probably comply with the requirements of this act, and if satisfied as to the durability, accuracy, efficiency, and capacity of any such machine, and that it does comply with the requirements of this act, shall approve the same, and thereafter such machine may be used as provided in section 1 hereof. In making such examination said board may employ mechanical experts to assist it, and the bill for the services of such experts shall be paid, by the person or persons offering such machine for examination, before such examination is had."

Section 7 of chapter 859 is as follows :

"The clerk of any city or town which adopts and purchases voting-machines in accordance with the provisions of this act shall forthwith notify the secretary of state of such adoption and purchase, and no such voting-machine shall be used in any election in any such city or town until thirty days thereafter."

Inasmuch as the time to elapse before the election of November 5, 1901, is less than the thirty days referred to in

said section, it follows that the first question submitted by your excellency must be answered in the affirmative, and that it is incumbent upon the electors of the town of Cumberland to use the McTammany voting-machines at said election.

The second question submitted by your excellency must be answered in the negative. A town by its town council cannot change its system of voting from the use of voting-machines to the method in use prior to their adoption, subject, of course, to the proviso contained in section 5 of chapter 859 concerning the change from one voting-machine to another authorized by the state returning-board and adopted more than thirty days prior to any election.

The chief justice is absent from the State, and we have not been able to confer with him.

PARDON E. TILLINGHAST,
GEORGE A. WILBUR,
HORATIO ROGERS,
WILLIAM W. DOUGLAS,
EDWARD C. DUBOIS,
JOHN T. BLODGETT.

PROVIDENCE, October 23, 1901.